IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL LEE HULON JR. and PATRICE HULON,

|  |  |  |
|---|---|---|
| | Plaintiffs, | |
| v. | | OPINION and ORDER |
| THE WIS. DEP'T OF JUSTICE and THE WIS. DEP'T OF HEALTH. SERVS., | | 22-cv-733-jdp |
| | Defendants. | |

---

Pro se plaintiffs Carl Lee Hulon Jr. and Patrice Hulon (the Hulons) filed a complaint and a motion to proceed in forma pauperis. After the court granted the motion, the Hulons filed an amended complaint alleging various federal- and state-law violations.

Because the Hulons proceed in forma pauperis, I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the amended complaint's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Because the Hulons' amended complaint does not contain a short and plain statement of their claims showing that they are entitled to relief and has other problems, I will dismiss the complaint and give plaintiffs the opportunity to file an amended complaint that fixes these problems.

## BACKGROUND

The Hulons' amended complaint is 123 pages long, highly repetitive, and hard to understand. The Hulons allege that Carl Hulon Jr. participates in the Include, Respect, I Self-Direct (IRIS) program through the Wisconsin Department of Health Services (Health Department). The Hulons allege that "the Wisconsin Department of Health Services et al." deprived him of "Routine Supportive Home Care" and other services that the IRIS program offers. Carl L. Hulon Sr., who was a "Participant Hired Worker," was misclassified as a "Live-In employee." Apparently, this misclassification cost Carl L. Hulon Sr. overtime and reduced Carl Hulon Jr.'s receipt of IRIS services. The Hulons add that Carl Hulon Jr. did not receive a "Medicaid State Fair Hearing" due the failure of "Wisconsin Department of Health Services et al." to provide him with certain documents.

The Hulons name the Health Department and the Wisconsin Department of Justice (Justice Department) as defendants in the amended complaint's caption. The amended complaint states that several other individuals and entities are defendants, but does not list them in its caption. As I understand, the Hulons assert federal claims under the Fair Labor Standards Act (FLSA) and Fourteenth Amendment, and tort claims under Wisconsin law. The Hulons seek damages.

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon

which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). "Because claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights." *Smith v. Monti*, No. 22-CV-435-DWD, 2022 WL 836766, at *2 (S.D. Ill. Mar. 21, 2022); *see Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). If lack of "basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct," dismissal may be an appropriate remedy. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Although length alone is "generally insufficient to justify rejecting a complaint," *id.* at 797, length may contribute to a complaint's lack of coherence, *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The Hulons' amended complaint does not comply with Rule 8. The allegations supporting their causes of action are not fully clear. Many of the Hulons' allegations relate to individuals that they have not named as defendants in the amended complaint's caption. The Hulons frequently refer to the actions of "the Wisconsin Department of Health Services et al.," which at times makes it impossible to tell which factual allegations apply to which defendants. And the amended complaint's excessive length and disorganization contribute to its overall lack of coherence.

The amended complaint has more problems. As I understand, the amended complaint alleges violations of the rights of Carl Hulon Jr. and, at times, Carl L. Hulon Sr., although Hulon Sr. did not sign the amended complaint as a plaintiff. It is not apparent why Patrice Hulon is a plaintiff; the amended complaint does not clearly allege a deprivation of her rights. If Patrice Hulon is merely trying to represent Carl Hulon Jr., this is improper. A nonlawyer

can't handle a case on behalf of anyone except himself, *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013), and a parent "cannot litigate the claims of his children unless [s]he obtains counsel," *Tuttle v. Illinois Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order).

The Hulons allege an FLSA claim and seek damages. But the Health and Justice Departments, as arms of the state of Wisconsin, are immune from damages under the FLSA. *See Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001). This bar to relief may apply even if the plaintiff asserts an FLSA claim against a state employee in his or her individual capacity. *See id.* at 1023–25; *Smith v. Wis. Dep't of Corr.*, No. 19-CV-1, 2020 WL 2042931, at *1 (E.D. Wis. Apr. 28, 2020). In any case, the amended complaint's allegations are too vague and disjointed to support a reasonable inference that any individual or entity mentioned in the amended complaint is an employer under the FLSA. *See, e.g.*, *Bruske v. Capitol Watertown Sprechers, LLC*, No. 19-CV-851-WMC, 2021 WL 7502269, at *5 (W.D. Wis. May 26, 2021) (discussing the FLSA's definition or employer).

Because the amended complaint does not comply with Rule 8 and has other problems, I will give the Hulons a final chance to file a second amended complaint that fixes these problems. I will require the Hulons to use the court's non-prisoner complaint form, and I will limit them to no more than ten supplemental pages.

In drafting their second amended complaint, the Hulons should remember to do the following:

- Carefully consider whether they are naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal or state law.

4

- Carefully consider whether any individual who signs the second amended complaint as a plaintiff is alleging a deprivation of his or her own federal or state rights.

- Identify by full name all the individuals they wish to sue in the second amended complaint's caption.

- Omit legal arguments other than to explain what types of claims they wish to assert.

### ORDER

IT IS ORDERED that:

1. Plaintiffs amended complaint, Dkt. 4, is DISMISSED.

2. Plaintiffs may have until March 1, 2023, to submit a second amended complaint that corrects the above deficiencies.

3. Plaintiffs must file their second amended complaint on the court's nonprisoner complaint form, which the court will send them with this order. Plaintiffs must fill out the form completely. If plaintiffs require any additional space to allege their claims, they may submit no more than ten supplemental pages.

4. The second amended complaint will act as a complete substitute for the amended complaint. This case will proceed on only the allegations made and claims presented in the second amended complaint, and against only the defendants specifically named in the second amended complaint's caption.

5. If plaintiffs fail to comply with this order, I will dismiss the case.

6. It is plaintiffs' obligation to inform the court of any new address. If they fail to do this and defendants or the court are unable to locate them, their claims may be dismissed for their failure to prosecute them.

7.  The clerk of court is directed to send plaintiffs copies of this order and the court's nonprisoner complaint form.

Entered February 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge